# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-8136 | **DATE** | 6/19/2013 |
| **CASE TITLE** | Bass v. Joliet Public School District #86 | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendant's Bill of Costs [43]. For the reasons stated below, the Court awards Defendant $1,226.98 in costs. See statement below.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Following entry of summary judgment in its favor, Defendant submitted a bill of costs in the amount of $1,226.98 [43], pursuant to Federal Rule of Civil Procedure 54(d). In support of its bill of costs, Defendant also submitted an affidavit and invoices. Plaintiff did not file an objection to the bill of costs.

Rule 54(d)(1) provides that costs, other than attorney's fees, should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Recoverable costs are set forth in 28 U.S.C. § 1920 and include the following: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. *See* 28 U.S.C. § 1920.

A strong presumption exists favoring the awarding of costs to the prevailing party; the non-prevailing party bears the burden of overcoming this presumption. *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). The district court enjoys wide discretion in determining and awarding reasonable costs. *Testa v. Vill. of Mundelein, Illinois*, 89 F.3d 443, 447 (7th Cir. 1996). However, the district court "must review a proposed bill of costs 'in scrupulous detail.'" *Shah v. Vill. of Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362, at *1 (N.D. Ill. Aug. 14, 2003). The court may award costs even though its judgment has been appealed, as is the case here. *See, e.g., Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994).

First, Defendant seeks $47.53 for fees relating to the subpoena of Plaintiff's medical records. (*See* Def's Bill of Costs, Exh. C.) Plaintiff's medical condition was at issue in the case; therefore, those fees were reasonably necessary and recoverable. *See Carlson v. Bukovic*, No. 07 C 006, 2009 WL 2448603, at *2 (N.D. Ill. Aug 7, 2009) (awarding fees relating to the subpoena of medical records directly related to plaintiff's claims). Defendant is awarded $47.53 for those expenses.

Second, Defendant seeks $1,138.80 for transcript costs and court reporter fees relating to the deposition of Plaintiff. Those costs are broken down as: (1) an attendance fee for seven hours of deposition in the amount of $350.00; and (2) a transcript fee in the amount of $788.80 for 232 pages ($3.40 per page). (*See* Def's Bill of Costs, Exh. B.) 28 U.S.C. § 1920(2) authorizes "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." According to Local Rule 54.1(b), the costs of a

transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States. *See* http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm. Deposition charges can be awarded if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Reasonable attendance fees are also recoverable pursuant to § 1920(2). *See, e.g., Held v. Held,* 137 F.3d 998, 1002 (7th Cir. 1998); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Plaintiff's deposition was reasonably necessary for the case, and the costs for her deposition are reasonable and recoverable. Thus, Defendant is awarded the amount of $1,138.80 for those expenses.

Finally, Defendant seeks $40.65 for photocopying costs. 28 U.S.C. § 1920(4) authorizes "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Defendant has identified the costs as $.15 per page and identified the photocopies as Defendant's Motion for Summary Judgment and the related briefs, exhibits and statement of facts. Since those photocopies were necessarily obtained for use in the case, and the photocopy rate is reasonable, the full amount of $40.65 is awarded.

Consequently, Defendant is awarded costs in the amount of $1,226.98.